IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FENG HSIN CHEN,

        Petitioner,

vs.                                                                    No. CIV 02-434 MV/LFG

JOHN ASHCROFT,
United States Attorney General,
and LUIS GARCIA,
District Director, El Paso District,
Immigration and Naturalization Service,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,

filed by Petitioner Feng Hsin Chen ("Chen") on April 17, 2002.  Respondent filed a motion to dismiss

[Doc. 6] on May 30, 2002, seeking dismissal both for lack of personal jurisdiction, and on the merits.

Chen filed a reply [Doc. 8] on July 24, 2002.  The Court determines that it has jurisdiction of this

matter, and finds that the motion to dismiss on the merits is well taken.

### Factual and Procedural Background

2.  The following facts are taken from Chen's petition and attachments thereto.  Chen is a

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

native and citizen of Taiwan who entered the United States on February 5, 1982, to join his mother and other family members.  He is a lawful permanent resident in this country.  On September 25, 1995, Chen was convicted in Georgia state court of three offenses:  possession and sale of marijuana, possession of marijuana with intent to distribute, and possession of a firearm during the commission of a crime.

3.   On September 4, 1998, the Immigration and Naturalization Service ("INS") instituted removal proceedings against Chen.  On April 15, 1999, the Immigration Court entered an order of removal for Chen, based on two separate provisions of the Immigration and Nationality Act ("INA"): § 237 (a)(2)(B)(i)[2] which provides that an alien who at any time after admission has been convicted of a violation of any state, federal, or foreign law relating to a controlled substance is removable; and § 237 (a)(2)(A)(iii), which provides for deportability of any alien who is convicted of an aggravated felony.

4.   The order of removal was affirmed by the Board of Immigration Appeals ("BIA") on February 16, 2001.  The Board noted in its order that Chen was also removable under § 237(a)(2)(C), because of his firearms conviction.  Chen's petition for review in the Fifth Circuit Court of Appeals was dismissed for lack of jurisdiction on May 21, 2001.  In his petition, Chen states that he has been told to report to El Paso, Texas for removal on April 17, 2001; however, his petition was not filed until April 17, 2002, and the documents attached to the petition indicate that the correct date is April 17, 2002.  Chen did not clarify his current custodial status in his petition but stated that he was, at

---

[2]Section 237 of the INA is currently codified as 8 U.S.C. § 1227.  At the time of Chen's deportation hearing, this section was codified as 8 U.S.C. § 1251 and was referred to as Section 237 of the INA, although its original section number in the seminal Act was 241.  To avoid confusion, the Court will refer to § 1227 using the "Section 237" terminology.

the time of filing, residing in New Mexico.  Chen has not notified the Court of any change of address since the petition was filed, and the Court assumes that Chen is still physically present in New Mexico and is subject to the pending order of removal.

5.  Chen styles his habeas petition an action to challenge the order of removal.  As grounds for habeas relief, he argues that the Immigration Court erred in finding he was not eligible for discretionary relief under Section 212(c) of the INA (8 U.S.C. § 1182(c)), and that the Immigration Court erred in rejecting Chen's arguments that his deportation violated certain international treaties.

6.  In their motion to dismiss, Respondents argue that the Court lacks personal jurisdiction over Chen's only appropriate "custodian"; that venue is improper in New Mexico; and that Chen is not eligible for a Section 212(c) waiver or any other waiver of removability.

## Jurisdiction and Venue

7.   The Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") substantially revamped the INA in 1996.  However, these revisions did not remove the Court's habeas corpus jurisdiction under 28 U.S.C. § 2241 to hear cases such as this one.  INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001); Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1140 (10th Cir. 1999); Goncalves v. Reno, 144 F.3d 110, 125 (1st Cir. 1998) (habeas jurisdiction includes review of eligibility to be considered for § 212(c) relief).  Respondents do not contest subject matter jurisdiction under § 2241, but they argue that this Court does not have personal jurisdiction over either Respondent.

8.  Respondents assert that a habeas petition under § 2241 must be brought against the petitioner's "custodian," and that neither the Attorney General nor Luis Garcia, the District Director of the INS for the El Paso (Texas) District is the proper "custodian."

9.   "The proper respondent to a habeas action is the habeas petitioner's custodian." <u>Macias</u>
<u>v. Greene</u>, 28 F. Supp. 2d 635,  (D. Colo. 1998), *citing* <u>Braden v. 30th Judicial Circuit Court of</u>
<u>Kentucky</u>, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 1129 (1973).  An immigrant awaiting deportation
who has challenged the validity of his deportation order is "in custody" for purposes of habeas
jurisdiction. <u>Macias</u>; <u>Aguilera v. Kirkpatrick</u>, 241 F.3d 1286 (10th Cir. 2001).  "[B]esides physical
imprisonment, there are other restraints on a man's liberty, restraints not shared by the public
generally, which have been thought sufficient in the English-speaking world . . . to support the
issuance of habeas corpus." <u>Jones v. Cunningham</u>, 371 U.S. 236, 240, 83 S. Ct. 373, 376 (1963).
The Court finds that Chen is "in custody" of the INS; the question in this case is who the proper
"custodian" is.

10.   Petitioner named as respondents in this case United States Attorney General John
Ashcroft, and INS District Director Luis Garcia.  Respondents argue that this Court does not have
personal jurisdiction over them, because (1) the Attorney General is not a proper respondent in a
habeas corpus action challenging removal; and (2) Luis Garcia ("Garcia") is the District Director for
the El Paso, Texas office of the INS, enforcing an order of the Immigration Judge for the Western
District of Texas.  Garcia, Respondents argue, exercises his authority only in Texas and not in the
District of New Mexico, and therefore he is not subject to service of process in this District.

11.   Chen counters that, while he is not in the actual physical custody of Garcia, Garcia's
district includes the entire state of New Mexico and Garcia should therefore expect to be subject to
this Court's jurisdiction.  In addition, Chen argues, it was Garcia who revoked his green card and
rendered him unable to travel about freely, and Chen is therefore in *de facto* custody of Garcia in New
Mexico.  Chen further argues that if he had filed his petition in the Western District of Texas,

4

Respondents would have argued that jurisdiction and venue were improper there because it is not the location of Petitioner's actual physical custody, and if each court accepted Respondent's inconsistent arguments, he would be left without a habeas forum altogether.

12.  Neither party provides any support, other than argument, for their respective claims that Garcia exercises his authority only in Texas (Respondent), and that Garcia's district includes all of New Mexico (Petitioner).  The Court might be inclined to order an evidentiary hearing on this issue except that it finds, under the circumstances of this case, that the Attorney General is an appropriate respondent and that the Court therefore has personal jurisdiction to hear Chen's  petition.

13.  Respondents cite Vasquez v. Reno, 233 F.3d 688 (1st Cir. 2000), *cert. denied*, 122 S. Ct. 43 (2001), to support their argument that the Attorney General is not the proper respondent in a habeas case contesting the legality of detention.  Vasquez does indeed so hold, but the courts are divided in this matter, with ample authority on the other side of the issue, and neither the Supreme Court nor the Tenth Circuit has addressed the question.

14.  It has been held that the Attorney General is an appropriate respondent in a habeas case contesting the legality of INS detention, especially if the right to petition for habeas corpus might otherwise be denied.  Roman v. Ashcroft, 162 F. Supp. 2d 755 (N.D. Ohio 2001).  For one thing, the Roman court pointed out, the INA itself requires that "The Attorney General shall take into custody any alien who . . . is removable by reason of having committed any offense covered in section 1227 . . . (a)(2)(A)(iii), (B), (C) . . .."  These are the sections under which Chen has been ordered deported, and therefore the Attorney General is explicitly named, in the statute, as his custodian.  Indeed, "Congress has consistently designated the Attorney General as the legal custodian of immigration habeas petitioners."  Chavez-Rivas v. Olsen, 194 F. Supp. 2d 368, 374  (D.N.J. 2002).

5

16.   Furthermore, the Attorney General is charged with authority over the INS and can therefore order his subordinates in the INS to produce persons awaiting deportation.  Roman, at 763-64; Henderson v. INS, 157 F.3d 106, 125-26 (2d Cir. 1998):

> the unique role that the Attorney General plays in immigration matters may be taken to suggest that she may be a proper respondent in alien habeas cases.  There is also no question that the Attorney General has the power to produce the petitioners, remains the ultimate decisionmaker as to matters concerning the INS, . . .  and is commonly designated a respondent in these cases, even when personal jurisdiction over the immediate custodian clearly lies.

See also, Chavez-Rivas; Mojica v. Reno, 970 F. Supp. 130, 166 (E.D.N.Y. 1997) ("[t]he Attorney General of the United States is also a custodian for habeas purposes"); Demjanjuk v. Meese, 784 F.2d 1114, 1116 (D.C. Cir. 1986) (when "it is absolutely clear from the application that the applicant is not entitled to an award of the writ and a hearing is therefore not required, transfer would serve no purpose," and the Attorney General may be considered to be the proper respondent); and Nwankwo v. Reno, 828 F. Supp. 171, 173-74 (E.D.N.Y. 1993):

> While the general rule [that the Attorney General should not normally be regarded as the custodian of a habeas petitioner] may be sound as a matter of policy, the language of the habeas corpus statute does not compel rigid adherence to it in every case. Title 28 U.S.C.  2243, provides that writ of habeas corpus be "directed to the person having custody of the person detained."  Section 2243 "does not define 'custody' or specify who the person having 'custody' will be. Nowhere does the statute speak of an 'immediate custodian' or intimate that an action must necessarily be instituted in the location of such an 'immediate custodian.'" ... We do know, however, that "[t]he habeas corpus jurisdiction statute implements the constitutional command that the writ of habeas corpus be made available."  [citing Jones v. Cunningham, 371 U.S. at 238].  Construing Section 2243 with this purpose in mind, it seems clear that the Attorney General should be deemed the custodian here.

17.  And "[o]nce a court takes the step of approving the Attorney General as a proper

respondent, there would appear to be no *jurisdictional* reason why the petition could not be heard in any district in which the Attorney General was subject to service of process. [Emphasis in original]." <u>Roman</u>, at 761; <u>Henderson</u>, at 124, n. 19 ("Because the [U.S.] Attorney General transacts business in New York on a regular basis, she is unquestionably subject to long-arm jurisdiction under New York law"); *accord*, <u>Nwankwo</u>, at 175-76; <u>Mojica</u>, at 166.

18.   The Court finds the above authority persuasive and sees no reason to transfer this case to the Western District of Texas.  The Court will allow Chen to name Attorney General Ashcroft as a respondent in this case and holds that it has personal jurisdiction over the Attorney General in this matter.  It is not necessary to reach the question of personal jurisdiction over Garcia.

19.   The Court also rejects Respondents' contention that venue is improper in the District of New Mexico.  28 U.S.C. § 2241 provides that a habeas corpus petition may be filed in the district wherein the petitioner is in custody, or in the district within which he was convicted and sentenced. Chen was convicted of the underlying offenses in the state of Georgia, but he is currently physically located in the District of New Mexico and, as noted above, is "in custody" here by virtue of the deportation order issued by the INS.  He is clearly under the authority of the INS in New Mexico, even though the deportation proceedings occurred in El Paso, Texas and even though his deportation will occur from that city.  The Court finds that, due to Chen's physical presence in New Mexico and the fact that he is subject to a deportation order here, venue is proper in this District under 28 U.S.C. § 2241.

### Chen is Not Eligible for Discretionary Review Under Section 212(c)

20.   Chen is a "removable" alien as defined in federal immigration statutes.  Under Section 237 (a)(2)(A)(iii) of the INA, the Attorney General may order the removal of an alien who has been

convicted under state or federal law of an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43).

Under Section 237 (a)(2)(B)(i), the Attorney General may order removal of aliens convicted of an

offense involving a controlled substance as defined in 21 U.S.C. § 802.  And under Section

237(a)(2)(C), the Attorney General may order the removal of aliens convicted of certain firearms

offenses.  The offenses to which Chen pled fall within all three of these categories.

    21.  Resolution of this petition depends to some extent on the chronology of events in Chen's

case, which are as follows.  Chen pled guilty and was convicted in state court of the three offenses

noted above on September 25, 1995.  Both AEDPA and IIRIRA were enacted in 1996.  These Acts

effected numerous amendments to the INA, including amendment (in AEDPA) and,  later that year,

repeal (in IIRIRA) of Section 212(c),[3] which previously gave the Attorney General broad discretion

to grant a waiver from deportation.  The INS instituted deportation proceedings against Chen on

September 8, 1998.  The Immigration Court entered an order of removal for Chen on April 15, 1999,

and this order was affirmed by the BIA on February 16, 2001.  Chen's appeal of the final order was

dismissed by the Fifth Circuit Court of Appeals on May 21, 2001.  Chen was ordered to report to El

Paso, Texas for removal on April 17, 2002, the same date he filed his petition under § 2241.  He was

residing in New Mexico at the time he filed the petition.

    22.  Chen contends that the Immigration Judge erroneously concluded that he was not eligible

for discretionary relief from deportation under Section 212(c) of the INA.  The BIA affirmed the

ruling of the Immigration Judge on grounds, *inter alia*, that the IIRIRA's repeal of Section 212(c)

was applicable to Chen's case because, although his conviction occurred prior to enactment of

IIRIRA, the INS did not commence removal proceedings in his case until after the effective date of

---

[3]At the time of its repeal, Section 212(c) was codified as 8 U.S.C. § 1182(c).

the amendment.  The BIA also held that Chen would not have been eligible for discretionary relief under 212(c) in any event, because he was convicted of a firearms offense.

23.  A few months after the BIA's ruling, the Supreme Court held in <u>St. Cyr</u>, *supra*, that IIRIRA's repeal of Section 212(c) did not retroactively affect cases involving aliens who pled guilty prior to enactment of the repeal, even if removal proceedings were begun against them after the effective date of the Act, because their choice to accept a plea bargain may well have been prompted by their assumption that discretionary review would be available to them.  Chen pled guilty in 1995, prior to the 1996 amendments effected by IIRIRA and AEDPA; therefore, under the holding of <u>St. Cyr</u>, these amendments would not retroactively preclude discretionary review in his case, assuming he were otherwise eligible for such review at the time he pled guilty.

24.  The problem with Chen's argument is that he was not eligible for discretionary relief under § 212(c) at the time of his guilty plea, because one of the charges to which he pled involved a firearms offense.  In other respects, Chen's situation is almost identical to that of the petitioner in <u>St. Cyr</u>; they both pled guilty prior to the AEDPA and IIRIRA amendments, and deportation proceedings were then commenced against them after those Acts eliminated discretionary review under Section 212(c).

> Under pre-AEDPA law applicable at the time of his conviction, St. Cyr *would have been eligible for a waiver of deportation* at the discretion of the Attorney General.  However, removal proceedings against him were not commenced until April 10, 1997, after both AEDPA and IIRIRA became effective ...
>
> Two important legal consequences ensued from respondent's entry of a guilty plea in March 1996: (1) he became subject to deportation, and (2) *he became eligible for a discretionary waiver of that deportation under the prevailing interpretation of § 212(c)* ...

> [A]pplying IIRIRA § 304(b) to aliens who pled guilty or *nolo contendere* to crimes on the understanding that, in so doing, *they would retain the ability to seek discretionary § 212(c) relief* would retroactively unsettle their reliance on the state of the law at the time of their plea agreement.  [Emphasis added].

INS v. St. Cyr, 533 U.S. at 293, 314-15, 325 n.55.

25.  Chen was not "eligible for a discretionary waiver" of deportation under the law prevailing at the time of his plea, and had no expectation that he might be accorded relief under § 212(c) because, unlike St. Cyr, he was convicted of a firearms offense.  This rendered him ineligible for such relief both before and after enactment of AEDPA and IIRIRA.  Cato v. INS, 84 F.3d 597 (2d Cir. 1996); Samuel v. INS, 81 F.3d 173 (Table, text in Westlaw), No. 95-9523, 1996 WL 139495, at *1 (10th Cir. March 28, 1996):

> Section 1182(c) [*i.e.*, § 212(c)] pertains to the admissibility of permanent resident aliens to the United States and allows the Attorney General to waive numerous grounds of exclusion.  The statute has been extended, on equal protection grounds, to some deportation cases involving long-term permanent residents ...  A requirement of the statute's application in the deportation context has been that the ground of deportation to be waived must have an analogous ground of exclusion which could be waived under § 1182(c) ...  It has been held, over constitutional challenge, that § 1182(c) waiver is unavailable when the ground of deportation is a firearms conviction because there is no sufficiently analogous ground of exclusion.

26.  Thus, there is no issue of retroactive application of AEDPA and IIRIRA under the facts of this case.  *See*, Jurado-Gutierrez, at 1147 n.10 (the petitioner's offenses "barred him from seeking discretionary relief [at the time of his conviction].  Therefore, his appeal does not involve the issue of whether § 440(d) [the AEDPA provision repealing § 212(c)] applies retroactively").  It is irrelevant whether or not the Court agrees with the Attorney General's decision to deport Chen, as the law is clear that he is not, and was not at the time of his plea, entitled to discretionary relief under § 212(c),

and he cannot now assert a habeas claim based on the Immigration Judge's refusal to consider the

discretionary factors.  *See*, comment of the Tenth Circuit in <u>Samuel</u>, 1996 WL 139495, at *1:

> While we may be of the opinion that what the Attorney General is
> doing is abominable given the circumstances [the petitioner had
> moved to the United States as a child and had lived all his life in this
> country with his family and would nevertheless be deported to
> Pakistan, "a country with which he has few ties and little experience"],
> all of the precedent leads only to one rule of law, from which we are
> not inclined to depart.

The Court therefore rejects Chen's assertion of error by the Immigration Judge in refusing to allow

application of § 212(c).

27.   Chen also argues that the Immigration Judge improperly "denied Petitioner the

opportunity to fully advance his various international law arguments," based on provisions of certain

international treaties, declarations, and conventions.  He asks that, when the case is returned to the

Immigration Court for consideration of his § 212(c) arguments, that he also be allowed to "fully

advance his various international law arguments."  [Doc. 8, at 3].

28.   The record does not support Chen's contention that he was denied an opportunity to

advance his international law arguments.  He attached to his complaint a transcript of the hearing

before the Immigration Judge, which establishes that the judge invited Chen's counsel to go into his

arguments "one at a time," [Transcript, at 35], and that counsel thereafter proceeded to raise

arguments based on international treaty obligations [<u>Id.</u>, at 37-39].  There is no indication that Chen

was prevented from making these arguments, and the Court rejects this ground for habeas relief.

## **Recommended Disposition**

That the petition under 28 U.S.C. § 2241 be denied and the case be dismissed with prejudice.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge